STATE OF MONTANA,
                    Plaintiff,                                    NO. 2165
          vs.                                                    DECISION
Ronald De Salvo,
                    Defendant.

On November 10, 1994, it was ordered, adjudged and decreed that the defendant is guilty of the offense of Count III: Criminal Possession of Dangerous drugs, a Felony, as charged in the Information and as specified in 45-9-102(1), M.C.A., which offense occurred on January 30, 1994, at the Burlington Northern Depot located at 424 1st Avenue South, Glasgow, Valley County, Montana. The defendant is adjudged and decreed to be a persistent felony offender as defined by 46-18-501, M.C.A. for the reason that: Defendant was previously convicted on July 3, 1992 at Havre, Montana of Theft, a felony for which a sentence to a term of imprisonment in excess of one year could have been imposed, less than five years have elapsed between the commission of the present offense and this previous felony conviction, and defendant has not been pardoned nor has the conviction for this previous offense been set aside. As a persistent felony offender a sentence enhancement provision of Section 46-18-502(1), M.C.A. apply. Pursuant to 46-18-502(1), M.C.A., the defendant is sentenced to fifteen (15) years in the Montana State Prison as a persistent felony offender. The defendant is credited with 283 days jail time credit for the time he served from the date of his arrest to the date of his sentencing. If the defendant is paroled, it is the Court's recommendation that the Parole Board consider imposing the terms and conditions upon the defendant as part of his terms of parole as stated in the November 10, 1994 judgment.

On May 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Lucas Foust, legal intern of the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

The Sentence Review Division recommends to the Montana State Prison that they seriously consider, regardless of the defendant's expressed wishes, an alternate placement, such as the Warm Springs State Hospital for Mr. De Salvo.

Done in open Court this 23rd day of May, 1996.

DATED this 4th day of June, 1996.

                    Chairman, Hon. Ted O. Lympus
                    Member, Hon. Jeffrey M. Sherlock
                    Member, Hon. William Nels Swandal

The Sentence Review Board wishes to thank Lucas Foust, legal intern of the Montana Defender Project, for representing Ronald DeSalvo in this matter.